**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-20470-BLOOM/Elfenbein

CHERYL VAUGHN,

    Plaintiff,

v.

PRIDE OF AMERICA SHIP
HOLDING, LLC and NCL
(BAHAMAS), LTD.,

    Defendants.
_____/

**ORDER REQUIRING SCHEDULING REPORT**
**AND CERTIFICATES OF INTERESTED PARTIES**[1]

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. **Within twenty-one (21) days of an appearance by a Defendant in this case**, the parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1. The joint scheduling report and proposed order shall include all information required by Local Rule 16.1(b)(2) and (3). In addition, at the time of filing the joint scheduling report, the parties, including governmental parties, must file certificates of interested parties and corporate disclosure statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party (to the extent they have not already done so). Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the certificates.

---

[1] The parties must not include Judge Bloom and the assigned U.S. Magistrate Judge as interested parties unless they have an interest in the litigation.

Case No. xx-cv-xxxxx-BLOOM/Elfenbein

***Detailed Discovery Schedule***: Local Rule 16.1(a) provides for a differentiated case management system based on the complexity of each case and the requirement for judicial involvement. That system categorizes cases along three case management tracks: expedited, standard, or complex.

- Expedited track cases are relatively non-complex, require 1 to 3 days of trial, and between 90 and 179 days for discovery from the date of the scheduling order.
- Standard track cases require 3 to 10 days of trial, and between 180 and 269 days for discovery from the date of the scheduling order.
- Complex track cases are unusually complex, require over 10 days of trial, and between 270 and 365 days for discovery from the date of the scheduling order.

"The following factors [are] considered in evaluating and assigning cases to a particular track: the complexity of the case, number of parties, number of expert witnesses, volume of evidence, problems locating or preserving evidence, time estimated by the parties for discovery and time reasonably required for trial, among other factors." S.D. Fla. L.R. 16.1(a)(3).

Fed. R. Civ. P. 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The parties shall participate in good faith in developing a detailed discovery plan, including any agreed-upon limitation on scope, frequency and the extent of discovery. The parties shall include in their scheduling report any unique discovery matters, including any electronically stored information that should be preserved and accessed. The parties shall establish a detailed schedule for the preservation, disclosure and access of each different type or category of electronically stored information.

Consistent with the differentiated case management system, other relevant local rules (such

Case No. xx-cv-xxxxx-BLOOM/Elfenbein

as Local Rule 16.2, regarding mediation), and the twin goals of expeditious and attentive case management, the Court anticipates the following scheduling deadlines in the run of cases:

- Selection of a mediator and scheduling of a time, date and place for mediation within 30 days of the scheduling order.
- Deadline to amend pleadings and join parties within 60 days of the scheduling order.
- Completion of all discovery consistent with the case management track guidelines, and 120 days prior to trial.
- Completion of mediation prior to the deadline for dispositive pre-trial motions.
- Deadline for dispositive pre-trial motions and *Daubert* motions (which include motions to strike experts) 100 days prior to trial.
- Deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, 40 days prior to trial.
- Calendar call one week prior to trial.

Those deadlines are not exhaustive of deadlines which may be set in the scheduling order.

The parties should address their joint scheduling report and their proposed pre-trial deadlines both to the differentiated case management system and to the Court's anticipated deadlines. The parties are encouraged to explain their proposed deadlines in light of those overarching guidelines, including as to the factors listed in Local Rule 16.1(a)(3). **The parties are cautioned that if they fail to submit a joint scheduling report by the applicable deadline, the Court may unilaterally set this case on a case management track in accordance with Local Rule 16.1(a) and calculated as if the scheduling report had been timely filed.**

As part of the joint scheduling report, the parties shall jointly complete and file with the Court the *Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions* appended to this Order as **Attachment A**. The Court will not accept unilateral submissions. A "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties shall jointly file the *Election to Jurisdiction* form appended to this Order as **Attachment**

3

Case No. xx-cv-xxxxx-BLOOM/Elfenbein

**B**. The parties are advised that even if they do not consent to jurisdiction by the Magistrate Judge, in accordance with 28 U.S.C. § 636(b), the Court may still refer motions to the Magistrate Judge for a report and recommendations.

*Formatting of Briefings*: all motions, responses, and replies must have one-inch margins, be double spaced with 12-point Times New Roman font, and fully justified.

*Warning on the Use of Artificial Intelligence:* Although artificial intelligence ("AI") may be a useful tool, it is known to fabricate, or "hallucinate" cases. Therefore, attorneys or *pro se* litigants who uses AI to draft briefs may inadvertently include fake cases or quotations in their filings. Accordingly, persons who choose to use an AI tool do so at their own risk. An attorney or *pro se* litigant will be sanctioned if he or she submits any filing to the Court that includes hallucinated cases or misrepresents the content of a real case.

The parties are advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-20470-BLOOM/Elfenbein

CHERYL VAUGHN,

    Plaintiff,

v.

PRIDE OF AMERICA SHIP
HOLDING, LLC and NCL
(BAHAMAS), LTD.,

    Defendants.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES**
**<u>MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS</u>**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | |
|---|---|---|
| 1. Motions for Costs | Yes _____ | No _____ |
| 2. Motions for Attorney's Fees | Yes _____ | No _____ |
| 3. Motions for Sanctions | Yes _____ | No _____ |
| 4. Motions to Dismiss | Yes _____ | No _____ |
| 5. Motions for Summary Judgment | Yes _____ | No _____ |

_____    _____
(Date)          (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)


_____    _____
(Date)          (Signature—Defendant's Counsel or Defendant if *pro se*)

**Attachment A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20470-BLOOM/Elfenbein

CHERYL VAUGHN,

    Plaintiff,

v.

PRIDE OF AMERICA SHIP
HOLDING, LLC and NCL
(BAHAMAS), LTD.,

    Defendants.
_____/

## MAGISTRATE JUDGE JURISDICTION FOR TRIAL

    In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

_____      _____
(Date)            (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)

_____      _____
(Date)            (Signature—Defendant's Counsel or Defendant if *pro se*)

**Attachment B**